UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RICHARD W. GAYTON<br><br>Plaintiffs,<br><br>v.<br><br>RENZO FIDANI II, MERI ASERIO, GAIL COHEN, PAULA S. TESKE, DCFS, LAPD, AND DOE'S 1-10,<br><br>Defendants. | Case No.  2:20-cv-06758-VAP (JDE)<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PAY FULL FILING FEE |

## I.
## INTRODUCTION

On July 28, 2020, Plaintiff Richard W. Gayton ("Plaintiff") paid a $5 filing fee and submitted for filing a document bearing the above caption, with the following title:

1. ORDER SHOW CAUSE: WRIT HABEAS CORPUS OF MINOR UNDER § 2252, CPC § 1473,
2. MOTION REQUEST HOLD DEFENDANT IN CONTEMPT§
3. JUDICIAL NOTICE OF TORT COMPLAINT FOR VIOLATION OF 4TH, 14TH AMENDMENTS AND §§§ 1983, 1985, 1988
4. PRELIMINARY INJUNCTIVE RELIEF OF CUSTODY OF MINOR

     5.  PREVENTIVE INJUNCTIVE RELIEF TRO
     6.  MOTION REQUEST ON TENTATIVE RULING
     7.  MOTION TO VOID CASE #CK946573, BF054763
     8.  MOTION FOR FUTURE ATTORNEYS FEES

Dkt. 1 ("Complaint") at 1 (CM/ECF pagination). Directly below the caption is written "Writ of Habeas Corpus." Id. Plaintiff requests "a preliminary injunction relief to return minor H.G. with 48 hours and under Federal Rule of Civil Procedure § 65 a restraining order against defendants to protect minor and assure minor child safety." Id. at 2. Plaintiff asserts "Defendant, Mr. Fidani, has detained the Minor Child for over eighteen months" after the child was removed "from the Mother" by "an extralegal seizure . . . in violation of the express provisions of the Code of Civil Procedure." Id. at 4. Plaintiff avers he seeks "Writ of Habeas Corpus pursuant to 42 U.S.C. § 1983 to redress the deprivation by defendants and Does 1-30 at all times acting under color of state law, of rights secured to Plaintiffs under the United States Constitution, including the 1st, 4th, and 14th Amendments" and claims "habeas jurisdiction is proper in a suit brought to challenge the legality of the custody of a class of children." Id. at 6. Plaintiff identifies Defendant Fidani, who has custody of H.G., as H.G.'s father. Id. at 5. Plaintiff identifies "Jasmine" as H.G.'s mother. Id. at 6. The Complaint does not appear to specify Plaintiff's relationship to H.G., but an attachment states Plaintiff, as of July 16, 2020, "plan[s] to begin adoption procedures." See Dkt. 1 at 43. It also appears from attachments to the Complaint that a California state juvenile court has issued Orders and a Judgment regarding custody of H.G. See Dkt. 1 at 55, 67, 72-74.

## II.

## FILING FEES

All parties instituting any civil action in a district court, except an application for writ of habeas corpus, must pay a total filing fee of $400 representing a $350 statutory filing fee and a mandatory $50 administrative fee.

See 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14, issued pursuant to authority granted by 28 U.S.C. § 1914(b)). The fee to file an application for a writ of habeas corpus is $5. See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire filing fee only if such plaintiff is granted leave to proceed IFP under 28 U.S.C. § 1915(a).

Here, Plaintiff paid a $5 filing fee to institute the action. Although the Complaint contains references to a request for a writ of habeas corpus on behalf of H.G., the Complaint refers to Plaintiff as "Plaintiff," cites as its basis for jurisdiction as 42 U.S.C. § 1983, entitled "Civil action for deprivation of rights," which a federal civil cause of action for civil rights violations committed under color of state law. Further, to the extent Plaintiff seeks to base his action on the 28 U.S.C. § 2254, authorizing the filing of a petition for writ of habeas corpus by a person in state custody, "section 2254 does not confer federal habeas jurisdiction over challenges to state child custody proceedings." Wiles on behalf of J.D.Z. v. Arizona Dept. of Child Custody, 790 F. App'x 85 (9th Cir. Jan. 13, 2020) (citing Lehman v. Lycoming Cty. Children's Servs. Agency, 458 U.S. 502, 515-16 (1982)).

In addition, Plaintiff, who does not allege he is a parent or legal guardian of H.G., brings this action in his own name only. Even were Plaintiff a parent or legal guardian, to the extent Plaintiff seeks to pursue an action on H.G.'s behalf, an action brought by a minor child may only proceed if the child is represented by (1) a guardian and (2) an attorney. See Castillo-Ramirez v. Cnty. Of Sonoma, No. C-09-5938 EMC, 2010 WL 1460142, at *1 (N.D. Cal. Apr. 9, 2010). "[A] parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." Johns v. Cnty. of San Diego, 114 F.3d 874, 877 (9th Cir. 1997), Further, under Rule 83-2.2.1 of the Local Rules of this Court, "[a] non-attorney guardian for a minor or incompetent person

must be represented by counsel." Thus, although a non-attorney parent may appear pro se on his or her own behalf, he or she "has no authority to appear as an attorney for others." C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).

For the foregoing reasons, Plaintiff appears unable to pursue this action as habeas action in his own name purportedly on behalf of H.G. As Plaintiff cites Section 1983 as a basis for his claims, and references other purported civil claims in the Complaint, it appears that Plaintiff does seek to pursue civil claims in his own name. The Court makes no determination about the viability of any such civil claims by this order. But, as a habeas petition does not appear procedurally proper, Plaintiff must pay the otherwise applicable $400 filing fee, with a credit for the $5 fee already paid, to continue to pursue this action as a civil action. See 28 U.S.C. § 1914(a).

## III.
## ORDER

IT IS HEREBY ORDERED THAT Plaintiff shall, within 21 days from the date of this Order, either:

(1) pay $395 to the Clerk of the Court representing the remainder of the applicable filing fee due to pursue a civil action in this Court;

OR

(2) submit a completed, executed request to proceed in forma pauperis using the Court's approved in forma pauperis application form;

OR

(3) show cause, in writing, why the case should not be dismissed for failure to pay the proper filing fee.

Alternatively, Plaintiff may voluntarily dismiss the action. The Clerk is directed to serve upon Plaintiff with this order a copy of the Court's form in forma pauperis application and form notice of request for dismissal.

Plaintiff is cautioned that a failure to timely comply with this order may result in the dismissal of this action without further notice for failure to pay the applicable filing fee, failure to comply with a court order, and failure to prosecute.

Dated: August 3, 2020

_____
JOHN D. EARLY
United States Magistrate Judge